**SO ORDERED.**

**SIGNED this 20th day of February, 2008.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JAY-REYNA HOMES & CONSTR., INC., D/B/A JAY REYNA HOMES, INC. | 07-51038-C |
| *DEBTOR* | CHAPTER 7 |
| JOHN PATRICK LOWE, TRUSTEE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 08-5093-C |
| JEANETTE JAY | |
| *DEFENDANT* | |

**ORDER DENYING DEFENDANT'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT**

CAME ON for consideration the foregoing matter. The defendant's motion is, for the reasons stated herein, denied.

The defendant was served with this adversary on August 16, 2007. On the 28th day following that date, the defendant filed a chapter 7 bankruptcy petition. The automatic stay excused both the defendant and the defendant's trustee in bankruptcy (Helen Schwartz) from having to file an answer

to this complaint. The trustee ultimately concluded the first meeting with a report of no assets to administer, docketed December 17, 2007. Thus, to the extent that any property might be found in the hands of the defendant that would be an appropriate subject for the plaintiff to recover in this lawsuit, that property was deemed abandoned back to the debtor. On January 8, 2008, the plaintiff obtained relief from the automatic stay to proceed with this adversary proceeding against the debtor defendant. On January 29, 2008, the clerk of court directed the plaintiff to seek default or risk the dismissal of the adversary for want of prosecution. The plaintiff sought entry of default (and default was entered on the docket). The plaintiff awaits entry of his default judgment.

The defendant says that she gets a new 30 days within which to file an answer to the complaint that was served on her back in August 2007. The defendant cites no authority for this proposition and, to the court's knowledge, there is no such authority. True, the bankruptcy *trustee* might enjoy an extension of time within which to respond to a complaint after relief from the stay has been granted to a creditor (and the plaintiff in this case is a creditor insofar as the defendant's own bankruptcy case is concerned). *See* 11 U.S.C. § 108(b). However, that special provision works only in favor of the trustee, not the debtor. Here, the trustee is not a party to the adversary action and will not be, because the trustee does not have any property to respond to the trustee's *in rem* action against this defendant debtor. Any property that there might be has been abandoned by operation of law to the debtor. Thus, there is are no estate administration issues implicated in this adversary proceeding that justify the application of the special provisions of section 108, all of which are designed as special protections for the *estate*, not for individual debtors.

The defendant's motion to vacate clerk's entry of default is denied.

# # #